UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFREDO PADILLA,<br><br>Defendant. | Case No. 4:17-cr-00137-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. OVERVIEW

This matter comes before the Court on the matter of restitution. The Defendant, Alfredo Padilla, objects to the amount of restitution requested by the Government. On May 8, 2018, the Court heard oral argument and testimony on restitution and took the matter under advisement. For the reasons outlined below, the Court **GRANTS** restitution in the amount of $32,884.80.

## II. BACKGROUND

On May 23, 2017, the Government charged Padilla by Indictment with one Count of Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(a) and (e). The Indictment stemmed from allegations that Padilla did knowingly persuade, entice, or coerce a minor female victim (hereinafter referred to as "Jane Doe") into taking pictures of herself in the nude—specifically her vagina, vaginal areas, and breasts.

On September 22, 2017, a Plea Agreement was filed with the Court. As part of that Plea Agreement, Padilla agreed to pay restitution to the victim in an amount to be stipulated to by the parties or determined by the Court.

On October 30, 2017, Padilla pled guilty to Count One of the Indictment and was subsequently sentenced on March 12, 2018, to 180 months incarceration, followed by a lifetime term of supervised release.

### III. LEGAL STANDARD

The Mandatory Restitution Statute, 18 U.S.C. § 2259, requires restitution for offenses involving sexual exploitation and other abuse of children. *United States v. Kennedy*, 643 F.3d 1251 (9th Cir. 2011). "The order of restitution must 'direct the defendant to pay the victim . . . the full amount of the victim's losses.'" *Id*. (quoting § 2259(b)(1)). Section 2259 defines the phrase "full amount of the victim's losses" as follows:

> "[F]ull amount of the victim's losses" includes any costs incurred by the victim for –
>
> (A) medical services relating to physical, psychiatric, or psychological care;
>
> (B) physical and occupational therapy or rehabilitation;
>
> (C) necessary transportation, temporary housing, and child care expenses;
>
> (D) lost income;
>
> (E) attorneys' fees, as well as other costs incurred; and

    (F) any other losses suffered by the victim as a proximate
      result of the offense.

18 U.S.C. § 2259(b)(3). Under the standard set forth by the Ninth Circuit, the Court must make three determinations in order to award restitution under section 2259: "(1) that the individual seeking restitution is a 'victim' of the defendant's offense; (2) that the defendant's offense was a proximate cause of the victim's losses; and (3) that the losses so caused can be calculated with 'some reasonable certainty.'" *Kennedy*, 643 F.3d at 1263 (internal citations omitted).

### IV. DISCUSSION

  The record demonstrates that Jane Doe and her grandmother are victims and the government has provided sufficient evidence to establish a causal connection between Padilla's offense and their losses. Therefore, only the third *Kennedy* "determination" is at issue, i.e., the calculation of each victim's losses. *See id.* at 1263.

  During oral argument, the Government called Cassidy Roske with Bright Tomorrows Child Advocacy Center to testify. Ms. Roske provided counseling services to Jane Doe. Ms. Roske estimated that it would cost between $25,000 and $40,000 for Jane Doe's current and future counseling sessions. During Ms. Roske's testimony, Exhibits A-F were admitted into evidence with the Defendant objecting to the admittance of Exhibits B and F. One of those Exhibits admitted was a letter submitted by Dr. Manuel Sierra. Dr. Sierra estimated Jane Doe's future counseling sessions to be in the tens of thousands of dollars over the course of Jane Doe's lifetime. Although Dr. Sierra's estimation is not exact, other Circuits have held that ". . . the determination of the restitution amount is by

nature an inexact science," *U.S. v. Baldwin*, 774 F.3d 711, 728 (11th Cir. 2014), and that the court "may accept a reasonable estimate of the loss based on the evidence presented." *Id. See also, United States v. Jones*, No. 17-1450, 2018 WL 4053870, at *9 (6th Cir. Aug. 24, 2018) ("[w]hile the determination of the restitution amount is by nature an inexact science, . . . under the [Mandatory Victim Restitution Act], the district court is directed to engage in an *expedient and reasonable determination of appropriate restitution by resolving uncertainties with a view toward achieving fairness to the victim.*") (emphasis added) (internal citations omitted). Here, Padilla argues that the amount requested by the Government for Jane Doe's losses is not reasonably certain as there is no guarantee that Jane Doe will continue with counseling throughout her lifetime. The Government bears the burden of "proving the amount of the victim[s'] losses." *Kennedy,* 643 F.3d at 1261 (citing 18 U.S.C. § 3664(e)). "In carrying this burden, . . . the government must provide the court with enough evidence to allow the court to estimate the 'full amount of the victim[s'] losses' with 'some reasonable certainty.'" *Id. (citing United States v. Doe*, 488 F.3d 1154, 1159-60 (9th Cir. 2007)). "While this is not a requirement approaching mathematical precision, a restitutionary award under § 2259 will be improper if the district court must engage in arbitrary calculations to determine the amount of the victim[s'] losses. . . ." *Id.* (internal quotation marks and citations omitted).

In sum, although there is no guarantee that Jane Doe will require Counseling for her entire life, Congress is well aware that children victimized by sexual abuse often do not recover quickly from their injuries. *U.S. v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999).

Thus, the Court is left to determine what calculation is reasonably certain to allow Jane Doe to receive any physical, psychiatric, or psychological care now and in the future. In its discretion and resolving any ambiguity in favor of fairness to the victim, the Court finds that an award of $30,000 is consistent with Ms. Roske testimony and Dr. Sierra's report.

Next, we turn to restitution for Jane Doe's guardian which happens to be her grandmother. The Court has already determined that Jane Doe's grandmother is to be considered a victim of Padilla's actions in this case. Padilla objects to the amount requested by Jane Doe's grandmother based upon lost income for one month of work absence. The Court has reviewed the applicable material and finds that the amount requested is reasonable. Accordingly, the Court will order the full amount requested by Jane Doe's grandmother.

## V. CONCLUSION

The Government has provided enough evidence for the Court to make a determination that both Jane Doe and her grandmother are victims of the Defendant. In its discretion, the Court will order that Padilla pay restitution to Jane Doe in the amount of $30,000 and restitution to Jane Doe's grandmother in the amount of $2,884.80. The Court also finds that the Defendant has the ability to pay this amount immediately and in one lump sum.

## VI. ORDER

IT IS HEREBY ORDERED that:

1. The Government's request for Restitution is **GRANTED**.

2. Jane Doe is awarded $30,000 in restitution. This amount is due immediately and must be paid in one lump sum.

3. Jane Doe's grandmother is awarded $2,884.80 in restitution. This amount is due immediately and must be paid in one lump sum.

DATED: September 13, 2018

David C. Nye
U.S. District Court Judge